UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYISHA BULLOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS EXECUTIVE )<br>CUSTOMER CARE, )<br>)<br>Defendant. ) | Civil Action No. 25-0683 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and *pro se* complaint, as amended. The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

Plaintiff alleges that she applied for an American Express card, that Defendant denied the application, and that, by providing her social security number on the application, the parties "entered into a fiduciary relationship." Compl., Ex. (ECF No. 1-1) at 5. Plaintiff declares herself a "Secured Party Creditor with vested interests in financial agreements improperly utilized by AMEX." *Id*., Ex. at 1; *see* Am. Compl. (ECF No. 3) at 1. According to Plaintiff, Defendant breached its fiduciary and contractual obligations to its cardholders, *see, e.g.,* Compl., Ex. at 1-2, 4; Am. Compl. at 1, for which, among other relief, *see* Compl. at 4; *id*., Ex. at 2-3; Am. Compl. at 2, she demands "issuance of unlimited credit cards to the Plaintiff and related parties," Am. Compl. at 2, and an award of $250,000, *see* Compl. at 4.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy

1

requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted).  A party has standing for purposes of Article III if she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiff's claims are premised upon a cardholder agreement, yet the complaint's factual allegations demonstrate that Plaintiff is not a cardholder.  Defendant neither issued Plaintiff a credit card nor established any other business relationship with her.  Missing from the complaint are any factual allegations showing that Plaintiff sustained (or is likely to sustain) an injury resulting from Defendant's conduct.  Because Plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over her claims.  An Order is issued separately.

/s/
TANYA S. CHUTKAN
United States District Judge

DATE: April 29, 2025